## Bank and Building and Loan Real Estate

MARGIOTTI, Attorney General, April 27, 1938.—You have asked to be advised whether you may issue written authorizations to banking institutions and building and loan associations to retain until November 30, 1939, such real estate as they may have acquired prior to November

30, 1934, without a specific request from them to hold such realty.

Since the provisions of the Banking Code of May 15, 1933, P. L. 624, and the Building and Loan Code of May 5, 1933, P. L. 457, are similar, insofar as this question is concerned, the construction which we place upon the Banking Code will accordingly govern the case of building and loan associations. Section 1014 (*b*) of the Banking Code, supra, provides as follows:

"A bank, a bank and trust company, or a trust company shall not own or hold any real property, other than such real property as it occupies, or intends to occupy, for its accommodation in the transaction of its business, or such real property as it partly so occupies and partly leases to others, pursuant to the provisions of this act, for a period longer than five years after the acquisition of such real property, or five years after the effective date of this act, *but the department may, upon application of a bank, a bank and trust company, or a trust company,* grant to it in writing the power to hold such real property for a longer period. This section shall not be construed to prevent any bank . . . or trust company from making improvements to properties owned, but not occupied by the bank, the bank and trust company, or the trust company, for the purposes of sale or lease." [Italics supplied.]

The Banking Code became effective on July 3, 1933. Hence, all real estate owned by banking institutions prior to that date must be disposed of before July 3, 1938, unless proper authorization is granted to such institutions by you. However, only the Commonwealth may object if they retain such realty without authority.

Whether or not you may grant such authorization without an application first being made by the bank, bank and trust company, or the trust company, depends upon the construction of the italicized language above. If such language is not mandatory, but is merely directory, then

full authority exists for you to grant such permission without an application being made.

If a provision in a statute is mandatory, an omission to follow it renders the proceeding to which it relates illegal and void, while a directory provision is one whose observance is not necessary to the validity of the provisions. In order to determine whether a provision is mandatory or directory, the primary object is to ascertain the legislative intent.

The policy of the law in permitting banks to hold real estate only for a limited period may be said to be based upon three reasons: (1) To prevent lands coming into mortmain; (2) to preclude speculative ventures in real estate, and (3) to keep banking funds in the ordinary channels of commerce.

While realizing the necessity and wisdom for such limitation, the legislature, through past experience, knew that in certain cases conditions arose over which banks had no control. Hence, it was necessary that acts of assembly be passed permitting the institutions to hold real estate beyond the statutory period. Thus, the Act of May 6, 1915, P. L. 271, allowed banking companies to continue to hold real estate for a further period of five years from the enactment of that law, because they had been unable to sell such real estate due to a depression in prices.

As an alternative to amending the law in order to permit realty to be held beyond the statutory period, the legislature has granted the power to the Secretary of Banking to authorize such holding. In order that he may be acquainted with such facts as will insure the purposes of the holding period limitation being maintained, and so that the business of the Department of Banking, in enforcing the law, may proceed in a prompt and orderly method, section 1014(b) provides for the application. In 59 C. J. 1072, 1074, sec. 631, the following statement appears:

". . . when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition".

When the Secretary of Banking is in possession of relevant facts, there would be no need for the application. It is well known that the present recession prevents the sale of real estate at fair values. The same conditions have arisen which led to the Act of 1915, supra. Since the Secretary of Banking, as a member of the general public, and in addition, in his official capacity, has knowledge of these conditions, there would appear to be no necessity that a bank must make application to him and acquaint him with such facts. If applications were necessary as a condition precedent to your action, there is grave danger that you could not act on all such applications before July 3, 1938. Thus, institutions would be law violators through no fault of their own.

If it were mandatory that an application be made, certainly the legislature would have prescribed the form thereof, as written or oral, and the conditions and investigation necessary for its approval. Further, the fact that the provision does not contain negative words is an additional indication that it is merely directory insofar as making an application is concerned.

To summarize, you are advised that under the provisions of section 1014(b) of the Banking Code, and under the provisions of section 804(b) of the Building and Loan Code, you may issue a written authorization to banks, bank and trust companies, trust companies, and building and loan associations, to hold all real properties they may have acquired prior to November 30, 1934, until November 30, 1939, without any application therefor.